STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

ISHKHANOUHI TAVITIAN, a/k/a
SHERRY TAVITIAN
Plaintiff,

v.

C.A. No. 07-3260

ST. JOSEPH HEALTH SERVICES
OF RHODE ISLAND, d/b/a
ST. JOSEPH'S HOSPITAL
Defendant.

**DEFENDANT ST. JOSEPH HEALTH SERVICES OF RHODE ISLAND'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant St. Joseph Health Services of Rhode Island ("St. Josephs") hereby responds Plaintiff's Complaint as follows:

Introduction

1. St. Josephs denies that it violated the Rhode Island Parental and Family Medical Leave Act or the Family Medical Leave Act.

Parties and Jurisdiction

2. St. Josephs is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and, on that basis, denies the allegations.

3. St. Josephs admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

FILED
HENRY S. KINCH JR., CLERK
2007 AUG 15 P 1:41

L85

4. St. Josephs is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's Complaint and, on that basis, deny the allegations.

Facts

5. St. Josephs admits that Plaintiff worked at St. Josephs from December 7, 1987 until July 13, 2006.

6. St. Josephs admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. St. Josephs admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. St. Josephs admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. St. Josephs admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. St. Josephs is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint and, on that basis, deny the allegations.

11. St. Josephs admits that it received a certification in French dated June 19, 2006. St. Josephs denies the remaining allegations contained in paragraph 11.

12. St. Josephs admits that it received a certification in French dated June 19, 2006. St. Josephs denies the remaining allegations contained in paragraph 12.

13. St. Josephs denies the allegations contained in paragraph 13.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

14. St. Josephs denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. St. Josephs admits that Plaintiff was terminated effective July 13, 2006. St. Josephs denies that Plaintiff was out of work on medical leave at the time she was terminated.

Count I
(Violation of R.I. Gen. Laws § 28-48-1, et seq.)

16. In response to paragraph 16, St. Josephs incorporates and restates its responses to paragraphs 1 through 15 as though fully set forth herein.

17. St. Josephs denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

Count II
(Violation of 29 U.S.C. §2601)

18. In response to paragraph 18, St. Josephs incorporates and restates its responses to paragraphs 1 through 15 as though fully set forth herein.

19. St. Josephs denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

WHEREFORE, Defendant St. Josephs requests that that this Court:

1. Enter judgment in favor of Defendant St. Josephs on the claims set forth in Plaintiff's Complaint;

2. Award Defendant St. Josephs its costs, expenses and attorneys' fees; and

3. Grant such other and further relief as the Court deems just and proper.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's alleged damages must be reduced to the extent Plaintiff has failed to properly mitigate such damages.

**Third Affirmative Defense**

Plaintiff does not qualify for benefits under the Rhode Island Parental and Family Medical Leave Act or the Family Medical Leave Act because she did not suffer from a serious health condition at the time of her termination.

**Fourth Affirmative Defense**

Plaintiff does not qualify for benefits under the Rhode Island Parental and Family Medical Leave Act or the Family Medical Leave Act because she did not provide adequate notice of her need for a medical leave or documents to substantiate her need for a medical leave.

**Fifth Affirmative Defense**

Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and hereby reserves its right to amend its answer to assert each such defense or defenses.

**JURY DEMAND**

Defendant St. Josephs hereby demands a trial by jury on Plaintiff's claims.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

ST. JOSEPH HEALTH SERVICES OF RHODE ISLAND
By its attorney,

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: 401-274-7200
Fax: 401-751-0604
Dated: August 15, 2007

## CERTIFICATION

I hereby certify that a true copy of the within was sent by first class mail, postage prepaid to the following this 15th day of August, 2007:

Marc B. Gursky, Esq.
Ryan C. Hurley, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Road, Ste. C
North Kingstown, RI 02852

*425261_1.doc*

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island