UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ISHKHANOUHI TAVITIAN, a/k/a | : | |
| SHERRY TAVITIAN | : | |
| | : | |
| v. | : | C. A. NO.: 07-325 ML |
| | : | |
| ST. JOSEPH HEALTH SERVICES | : | |
| OF RHODE ISLAND, d/b/a | : | |
| ST. JOSEPH'S HOSPITAL | : | |

**PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT**

This is an action for violations of the Rhode Island Parent and Family Medical Leave Act ("Leave Act"), R.I.G.L. §§ 28-48-1, et seq., and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

**FACTS**

Defendant hired Ms. Tavitian on December 7, 1987. She worked for Defendant for approximately nineteen (19) years. Ms. Tavitian's salary was approximately $36,000 per year. Ms. Tavitian was a full-time employee who worked more than 1,250 hours in the previous 12 months prior to her termination and Defendant employed more than 50 employees.

Ms. Tavitian was on an approved vacation in Belgium until June 26, 2006. During her vacation, Ms. Tavitian sustained a grievous injury to her lower back and pelvic regions. On June 26, 2006, Ms. Tavitian notified Defendant, via facsimile, that she sustained a severe injury during her vacation and that she was unable to return to work on June 26, 2006. Ms. Tavitian also attached a physician's statement that indicated that 1) she was seriously injured; 2) she was unable to return to work for health reasons; and 3) she was unable to travel for health reasons. Defendant received Ms. Tavitian's notification and granted her leave through July 9, 2006.

On July 6, 2006, Ms. Tavitian sent an additional notification to Defendant, via facsimile, explaining that she was still injured and in a lot of pain. She also wrote that she was still under her doctor's care and that her pain levels and her doctor prohibited her from traveling until sometime in August 2006. Lastly, Ms. Tavitian wrote that she will be in-touch again.

An interoffice memorandum dated July 7, 2006, from VP and Chief Information Officer Crystal Pilon to Ms. Tavitian indicated that Defendant received Ms. Tavitian's unable-to-travel-certificate. Furthermore, the memorandum informed Ms. Tavitian that she may not report for work until she was medically cleared. Finally, it appears that Defendant did not furnished Ms. Tavitian with documents explaining FMLA leave after her initial notification. Nevertheless, Defendant terminated her employment effective on July 13, 2006.

## **LEGAL ISSUES**

The issue at the crux of this matter is whether Defendant violated the Leave Act and/or FMLA when it wrongly terminated Ms. Tavitian while she was out of work on an approved medical leave based on a serious health condition involving continuing treatment by a health care provider.

A possible legal issue is whether Ms. Tavitian's numerous facsimiles to Defendant about her injury and inability to return to work were adequate notification of her need for medical leave. If the employee was unable to foresee the need for leave thirty (30) days in advance, then the employee must give as much notice as practicable. 29 CFR §825.302(a).[1] The employee need only provide at least verbal or written notice sufficient to make the employer aware of 1) the employee's need for the leave; 2) the anticipated timing of the leave; and 3) the employee's

[1]Likewise, the Leave Act requires that the employee give thirty (30) days notice unless prevented by medical emergency from giving notice. R.I.G.L. §28-48-2(a).

anticipated duration of the leave. 29 CFR §825.302(c). Finally, notice to a supervisor is sufficient. 29 CFR §825.800.

Another potential legal issue is whether Ms. Tavitian's severe lower back and pelvic injury constitutes a "serious health condition" involving "continuing treatment" by a health care provider.

Another possible legal issue is whether Defendant satisfied its duty to inform Ms. Tavitian that her certification was deficient and to provide her with a reasonable opportunity to cure the deficiency.

Ishkhanouhi Tavitian,
By her Attorneys,

/s/ Elizabeth A. Wiens
Elizabeth A. Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingston, RI 02852
401-294-4700
401-294-4702 (fax)

CERTIFICATION

I hereby certify that I electronically filed the within Pre-Trial Conference Statement on November 1, 2007. The Statement is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Robert Brooks

Adler, Pollock & Sheehan, P.C.
One Citizen Plaza, 8th Floor
Providence, RI 02903

/s/ Elizabeth A. Wiens